**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAHIL BHUTWALA** : <br> 703 White Horse Pike : <br> Atco, NJ 08004 : <br> : NO. <br> vs. : <br> : <br> **PENN NATIONAL INSURANCE** : <br> 2 N 2nd Street : <br> Harrisburg, PA 17101 : | |

### CIVIL ACTION COMPLAINT

Plaintiff, Sahil Bhutwala, by his attorney, Robert S. Miller, Esquire of Wapner Newman, hereby demands damages of defendant, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and damages for prejudgment delay, upon causes of action upon which the following are statements:

### COUNT I
### (FACTS COMMON TO ALL COUNTS)
### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sahil Bhutwala, is a citizen and resident of the State of New Jersey, residing therein at the above captioned address.

2. Defendant, Penn National Insurance (hereinafter "Penn National"), is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principle place of business therein at the above captioned address.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendant.

4. Venue in this Court is proper under 28 U.S.C. §1391 because the defendant has significant contacts within this jurisdiction and the subject contracts were executed within the jurisdiction and venue.

## FACTUAL BACKGROUND

5. On or about April 30, 2020, at or about 7:21 p.m., plaintiff, Sahil Bhutwala, resided at 3645 Devonshire Place, Bensalem, Pennsylvania.

6. On or about April 30, 2020, at or about 7:21 p.m., plaintiff, Sahil Bhutwala, was a pedestrian on or near Interstate 95 at or near Exit 30 in Philadelphia, Pennsylvania.

7. On or about April 30, 2020, at or about 7:21 p.m., an underinsured operator was operating an underinsured motor vehicle on or near Interstate 95 at or near Exit 30 in Philadelphia, Pennsylvania.

8. At all times material hereto, plaintiff, Sahil Bhutwala was not an occupant of a private passenger motor vehicle.

9. Limited tort does not apply to this action.

10. At the time and place aforesaid, the underinsured operator of the underinsured motor vehicle were underinsured.

11. At the time and place aforesaid, plaintiff was insured with defendant, Penn National, under a policy for automobile insurance, number 129 0321179.

12. At the time and place aforesaid, said policy number 129 0321179 issued by defendant, Penn National, was for no less than two (2) motor vehicle(s) registered at 3645 Devonshire Place, Bensalem, Pennsylvania.

13. Within the above identified policy of automobile insurance number 129 0321179, defendant, Penn National, by the terms of which it contracted to pay first party benefits on account

of injuries from a motor vehicle accident, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiff for injuries arising from a motor vehicle accident involving an underinsured motor vehicle and/or operator.

14. Defendant, Penn National's, policy number 129 0321179 provides Fifty Hundred Thousand ($50,000.00) Dollars per person of "UIM" benefits per vehicle insured under said policy.

15. Defendant, Penn National's, said policy for automobile insurance number 129 0321179 was in full force and effect on April 30, 2020.

16. At the time and place aforesaid, plaintiff was also insured with defendant, Penn National, under a policy for automobile insurance, number 129 0235467.

17. At the time and place aforesaid, said policy number 129 0235467 issued by defendant, Penn National, was for no less than one (1) motor vehicle(s) registered at 3645 Devonshire Place, Bensalem, Pennsylvania.

18. Within the above identified policy of automobile insurance number 129 0235467, defendant, Penn National, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiff for injuries arising from a motor vehicle accident involving an underinsured motor vehicle and/or operator.

19. Defendant, Penn National's, policy number 129 0235467 provides Fifty Hundred Thousand ($50,000.00) Dollars per person of "UIM" benefits per vehicle insured under said policy.

20. Defendant, Penn National's, said policy for automobile insurance number 129 0235467 was in full force and effect on April 30, 2020.

21. Additional yet to be identified policies issued by defendant Penn National under which plaintiff may be an insured on the date of this accident may have also been in full force and effect on April 30, 2020.

22. At all times material hereto, defendant, Penn National, was acting by and through its respective agents, servants and/or employees operating in the course and scope of their employment with defendant, Penn National.

23. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle carelessly and negligently operated said motor vehicle cause a collision with plaintiff, Sahil Bhutwala, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

24. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle negligently, carelessly and recklessly cared for said vehicle and so negligently, recklessly and carelessly, operated said vehicle; failed to bring said vehicle to a stop; failed to make proper observations; failed to exercise that degree of caution and circumspection required by law under the circumstances; failed to properly guide, steer and control the vehicle and were otherwise careless and inattentive.

25. The wrongful and negligent conduct of underinsured operator of the underinsured motor vehicle consisted of, among other things, the following:

    (a) failing to have said motor vehicle under adequate and proper control;

    (b) operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    (c) failing to use due caution in driving said motor vehicle upon the highway;

    (d) failing to take due note of the point and position of other

                  motor vehicles upon the roadway;

(e)     failing to maintain an assured clear distance;

(f)     failing to yield the right of way;

(g)     failing to warn plaintiff;

(h)     failing to stop said motor vehicle;

(i)     failing to maintain a proper lookout;

(j)     disregarding the designated lanes of travel on the roadway;

(k)     disregarding applicable traffic controls and/or signals;

(l)     failing to take due note of the point and position of plaintiff;

(m)     failing to operate said motor vehicle reasonably under the circumstances;

(n)     violating the statutes and ordinances of the Commonwealth of Pennsylvania, and the local municipality where the crash occurred pertaining to the operation of a motor vehicle under the circumstances;

(o)     causing plaintiff to be struck;

(p)     causing injuries to plaintiff;

(q)     failing to prevent injuries to plaintiff.

26.     As a direct and proximate result of the negligence of underinsured operator of the underinsured motor vehicle, plaintiff, Sahil Bhutwala, was involved in a crash.

## COUNT I
## PLAINTIFF, SAHIL BHUTWALA vs. DEFENDANT

27.     Plaintiff incorporates the preceding paragraphs as if same were set forth at length herein.

28.     As a direct and proximate result of the negligence of underinsured operator of the underinsured motor vehicle, as aforesaid, plaintiff, Sahil Bhutwala, was caused to sustain and did

sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

29. As a result of the aforesaid collision, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

30. As a result of the collision, plaintiff, Sahil Bhutwala, sustained serious and painful bodily injuries, necessitated medical treatment; caused plaintiff great pain and suffering and left the plaintiff with permanent disabilities which will in the future incapacitate, cause pain and suffering and require medical treatment.

31. Plaintiff's injuries include, but are not limited to right femur fracture requiring surgery as well as other injuries to his bones, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

32. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in his usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures.

33. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

34. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered an injury which is permanent, irreparable and severe.

35. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

36. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

37. As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which the defendant is liable.

WHEREFORE, plaintiff demands judgment against defendant and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

**COUNT II**
**PLAINTIFF V. DEFENDANT**
**UNDERINSURED MOTORIST BENEFITS**
**POLICY NUMBER 129 0321179**

38. Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein.

39. At the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured."

40. Within the said policy of automobile insurance number 129 0321179, by the terms of which defendant, Penn National, contracted to pay first party benefits on account of plaintiffs' injuries, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured driver and underinsured motor vehicle.

41. Plaintiff timely placed defendant, Penn National, on notice for "UIM" benefits after the subject motor vehicle crash.

42. Plaintiff properly complied with the terms and conditions of said policy to bring a claim for "UIM" benefits under said policy number 129 0235467.

43. The defendant, Penn National, policy of automobile insurance number 129 0235467 provided "UIM" benefits of no less than $50,000.00 per person.

44. Plaintiff is entitled to make a claim for Underinsured Motorist benefits with Defendant, Penn National, pursuant to said policy number 129 0235467.

45. Plaintiff has demanded payment of Underinsured Motorist benefits from Defendant, Penn National.

46. Defendant, Penn National, is obligated to provide Underinsured Motorist benefits to Plaintiff.

47. It is the duty and obligation of Defendant, Penn National, to pay Underinsured Motorist benefits to Plaintiff.

48. Defendant, Penn National, is obligated to act in good faith when adjusting the subject Underinsured Motorist claims presented by Plaintiff.

49. Defendant, Penn National, is in breach of its contractual obligations to plaintiff.

WHEREFORE, plaintiff demands judgment against defendant and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT III
## PLAINTIFF V. DEFENDANT
## UNDERINSURED MOTORIST BENEFITS
## POLICY NUMBER 129 0235467

50. Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein.

51. At the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured."

52. Within the said policy of automobile insurance number 129 0235467, by the terms of which defendant, Penn National, contracted to pay first party benefits on account of plaintiffs' injuries, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured driver and underinsured motor vehicle.

53. Plaintiff timely placed defendant, Penn National, on notice for "UIM" benefits after the subject motor vehicle crash.

54. Plaintiff properly complied with the terms and conditions of said policy to bring a claim for "UIM" benefits under said policy number 129 0235467.

55. The defendant, Penn National, policy of automobile insurance number 129 0235467 provided "UIM" benefits of no less than $50,000.00 per person.

56. Plaintiff is entitled to make a claim for Underinsured Motorist benefits with Defendant, Penn National, pursuant to said policy number 129 0235467.

57. Plaintiff has demanded payment of Underinsured Motorist benefits from Defendant, Penn National.

58. Defendant, Penn National, is obligated to provide Underinsured Motorist benefits to Plaintiff.

59. It is the duty and obligation of Defendant, Penn National, to pay Underinsured Motorist benefits to Plaintiff.

60. Defendant, Penn National, is obligated to act in good faith when adjusting the subject Underinsured Motorist claims presented by Plaintiff.

61. Defendant, Penn National, is in breach of its contractual obligations to plaintiff.

WHEREFORE, plaintiff demands judgment against defendant and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

**WAPNER NEWMAN**

BY: *Robert S. Miller*
**ROBERT S. MILLER, ESQUIRE**
**ANASTASIA B. WOHAR, ESQUIRE**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
rmiller@wapnernewman.com
(215)569-0900 (telephone)
(215) 569-4621 (facsimile)